

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JULIE STRAEHLE,

               Plaintiff,

  -against-

INA LIFE INSURANCE COMPANY OF NEW
YORK, n/k/a CIGNA LIFE INSURANCE
COMPANY OF NEW YORK,

               Defendant.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-01-7180(FB)(RML)

*Appearances:*
For the Plaintiff:
JULIE STRAEHLE, *Pro Se*
32 Chestnut Street
Garden City, NY 11530

For the Defendant:
KEVIN J. BRENNAN, Esq.
55 John Street
New York, NY 10038

**BLOCK, District Judge:**

       Plaintiff Julie Straehle ("Straehle") filed suit pursuant to § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, alleging that defendant CIGNA Life Insurance Company ("CIGNA") wrongfully denied her claim for long-term disability benefits. On September 30, 2005, the Court issued a Memorandum and Order ("M&O"), familiarity with which is assumed, affirming CIGNA's denial of benefits and dismissing Straehle's complaint. Judgment was entered on October 4, 2005. Straehle failed to file a notice of appeal within 30 days from the date of judgment, as required by Rule 4(a)(1) of the Federal Rules of Appellate Procedure, and now requests

an extension of time to file her appeal. For the reasons set forth below, the extension is denied.

After the 30-day deadline for filing her notice of appeal had expired, Straehle, proceeding *pro se*, submitted to the Court a form titled "Combined Notice of Appeal and Motion for Extension of Time" on which she stated that "the Court's decision without this form was received on 6 October 2005, [] this form was received on November 4, 2005 and [] this form was mailed to the court on 13 November 2005"; the form was received by the Clerk's office on November 16, 2005. In support of her motion for an extension, Straehle stated:

> I thought I needed an attorney, and money, to file this Notice of Appeal. Found out on October 31st that I could file it *pro se* and could apply for a fee waiver.
>
> The form for the Notice arrived on November 4th (Friday) but without any waiver form. I found out on November 7th (the due-date for the Notice), that a request for a fee waiver does not get submitted with the Notice, but later.
>
> From November 7th through 12th, I was in great pain from my disability, unable to complete the form until today, November 13th (Sunday).

See Combined Notice of Appeal and Motion for Extension of Time at 2.

"Although *pro se* litigants should be afforded latitude . . . they 'generally are required to inform themselves regarding procedural rules and to comply with them.' *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995). This is especially true in civil litigation. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ('[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.')." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d

Cir. 1995). While Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires a litigant to file a notice of appeal within 30 days, Rule 4(a)(5) permits the Court to extend the time to file the notice if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause." The Advisory Committee Notes to Rule 4 explain that "[t]he good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Advisory Committee Notes to Fed. R. App. P. 4, Subdivision (a)(5)(A)(ii), 2002 Amendments. Because Straehle has not asserted that her failure to file her notice of appeal was due to circumstances beyond her control, the Court may therefore extend the time to file a notice of appeal only if Straehle can demonstrate excusable neglect.

The Second Circuit has explained that the following four factors are relevant in assessing what constitutes excusable neglect: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith"; however, "the third factor – the reason for the delay – . . . predominates," and "the other three are significant only in close cases." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004) (internal citations and quotation marks omitted) (emphasis added). *See also Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) ("In the typical case, the first two . . . factors will favor the moving party: '[D]elay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal.'

3

And rarely in the decided cases is the absence of good faith at issue. . . . "[However,] despite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor . . . .").

Applying the four-factor test, the Second Circuit has held that excusable neglect may be found where a party relies upon the actions of the district court or its officers and consequently misses the deadline, *see Cosmopolitan Aviation Corp. v. New York State Dep't of Transp.*, 763 F.2d 507, 514 (2d Cir. 1985), or where "the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules." *Canfield v. Bank Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997). However, delay resulting from a litigant's ignorance or misunderstanding of the applicable rules will otherwise not generally provide the basis for a finding of excusable neglect, even where the remaining factors weigh in favor of the party seeking an extension. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (stating that even though the other factors generally weigh in favor of the party seeking an extension of time under Rule 4(b), "we have noted that the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule," and that "'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect'") (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993)). *See also Canfield*, 127 F.3d at 250 ("failure to follow the clear dictates of a court rule will generally not constitute [] excusable neglect"); *United States v. Hooper*, 43 F.3d 26, 28-29 (2d Cir. 1994) (per curiam) (affirming denial of Rule 4(b) extension where delay resulted from legal assistant's ignorance of the rules); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d

4

Cir. 1994) (affirming denial of Rule 4(b) extension based on misunderstanding of the rules, even where rule was acknowledged to be "a 'trap' for the unsuspecting litigant").

Therefore, although the Court recognizes that the first two factors may weigh in Straehle's favor, and there has been no allegation of bad faith on her part, the reason for the delay, which is the predominant factor under an excusable neglect analysis, does not provide grounds for granting an extension. Straehle's excuse amounts to nothing more than a garden variety claim of ignorance of the law and a failure to act in an expedient and diligent fashion to protect her rights, which the Court concludes is insufficient to demonstrate excusable neglect. The language of the rules governing the filing of an appeal is not ambiguous or susceptible to multiple interpretations which might have created confusion regarding Straehle's rights as a *pro se* plaintiff, nor does Straehle assert that any incorrect assumptions regarding her ability to proceed *pro se* were the result of the actions of the court or any other party; rather, it appears that Straehle simply failed to timely make the inquiries necessary to ensure that she understood her rights and obligations. Furthermore, Straehle was in fact able to learn of her ability to proceed *pro se* and to request a fee waiver prior to the filing deadline, yet nonetheless failed to file her appeal within the time remaining for her to do so. Straehle's inaction during the 30-day period within which she was required to file her notice of appeal is not excused by her assertion that beginning on November 7, her disability prevented from doing so. In any event, as detailed at length in the Court's M&O, the Court found that Straehle's statements regarding her disability were not credible, and the Court does not now credit her unsupported assertion that she suffered from "great pain," or that this pain was severe enough to preclude her from filing

5

a notice of appeal.

For the foregoing reasons, the Court denies Straehele's request for an extension of time to file her notice of appeal.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
December 8, 2005